NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

N. F., a minor, by and through his Guardian
Ad Litem, Melanie Flyte,

Plaintiff-Appellant,

v.

ANTIOCH UNIFIED SCHOOL DISTRICT,
A Local Educational Agency,

Defendant-Appellee.

No.   21-16260

D.C. No. 4:20-cv-04123-KAW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Submitted April 13, 2022[**]
San Francisco, California

Before:  SILER,[***] W. FLETCHER, and M. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Plaintiff N.F.—a child whom we refer to using only his initials, and who brought suit through his guardian ad litem, Melanie Flyte—has asked us to reverse the district court's denial of his petition to overturn the decision of an administrative law judge, which in turn dismissed an administrative complaint filed by plaintiff pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400, *et seq.* The parties' familiarity with the record is assumed. We affirm for substantially the same reasons given by the district court, which concluded that the public charter school in which N.F.'s parents unilaterally enrolled him was the local education agency (LEA) obligated to provide N.F. with a free appropriate public education (FAPE), and that N.F. failed to show that defendant Antioch Unified School District was required to formally offer him an FAPE before his parents enrolled him in the District.[1]

Like the district court, we reject N.F.'s argument that the term "parentally-placed private school children with disabilities" in 34 C.F.R. § 300.130 includes children unilaterally placed by their parents in public charter schools. To be sure, § 300.130 extends to "elementary school[s]," and that term includes "public elementary charter school[s]," 34 C.F.R. § 300.13. However, the definition in § 300.130 expressly only extends to "children with disabilities enrolled by their

---

[1] We need not decide whether the district court erred in denying N.F.'s motion to supplement the record, as N.F. has failed to explain how any of the additional evidence might alter the outcome of this case.

parents in *private* . . . schools or facilities that meet the definition of [an] elementary school." 34 C.F.R. § 300.130 (emphasis added). So, too, for 34 C.F.R. § 300.131, which requires an LEA to "locate, identify, and evaluate all children with disabilities who are enrolled by their parents in *private* . . . elementary schools and secondary schools located in the school district served by the LEA." (Emphasis added.) *See also* 20 U.S.C. § 1412(a)(10)(A). These regulations have no application here because it is undisputed that N.F. was enrolled in a public charter school, not a private institution. *See, e.g.*, *Today's Fresh Start, Inc. v. L.A. Cty. Off. of Educ.*, 303 P.3d 1140, 1144 (Cal. 2013) (in California, charter schools are public schools).

The fact that N.F. was enrolled in a public school also distinguishes cases such as *Bellflower Unified School District v. Lua*, which held that "a school district must evaluate a child residing in its district for purposes of making an FAPE available to her, even if she is enrolled in a private school in another district." 832 F. App'x 493, 495-96 (9th Cir. 2020) (citing Assistance to States for the Education of Children with Disabilities and Preschool Grants for Children with Disabilities, 71 Fed. Reg. 46,540, 46,592 (Aug. 14, 2006)); *see also* 71 Fed. Reg. at 46,592 ("[34 C.F.R §] 300.131, consistent with section 612(a)(10)(A)(i) of the [IDEA], requires that the LEA where *private* elementary schools and secondary schools in which the child is enrolled are located . . . is responsible for conducting child find" (emphasis added)). Although public charter schools in California are required to offer students an FAPE,

3

*see* 34 C.F.R. § 300.209; Cal. Educ. Code §§ 47641, 47646, private institutions generally are not. We have required LEAs to formally offer an FAPE to parents who are considering paying for private special education for their children so that parents can determine whether they are eligible for reimbursement. *See Union School District v. Smith*, 15 F.3d 1519, 1526 (9th Cir. 1994). That rationale does not extend to this case, where it is undisputed that N.F. is already receiving an FAPE from a different LEA, namely a public charter school.

**AFFIRMED.**